UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BENJAMIN FRANK** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 23-4228** |
| | * | |
| **ALLSTATE INSURANCE CO** | * | **SECTION "L" (1)** |

## ORDER & REASONS

Before the Court is Defendant Allstate Insurance Company's Motion for Summary Judgment. R. Doc. 18. Plaintiff Benjamin Frank has not responded or opposed the motion. Considering the record, the briefing, and the applicable law, the Court now rules as follows.

### I.  BACKGROUND

Plaintiff alleges that his property at 111 Clipper Drive, Slidell, LA 70458 was damaged during Hurricane Ida on August 29, 2021. R. Doc. 1 at 2. He avers that Defendant provided an insurance policy which covered his losses. *Id.* at 3. He claims that Defendant denied or undervalued his claims and failed to pay as required by the policy. *Id.* at 4. Plaintiff brings claims for breach of contract and violations of La. Rev. Stat. §§ 22:1892 and 22:1973. *Id.* at 6-7. Defendant answered, generally denying Plaintiff's allegations and denying that it issued any policy covering Plaintiff's losses. R. Doc. 13 at 4.

### II.  PRESENT MOTION

Defendant moves for summary judgment. R. Doc. 18. It avers that "Plaintiff did not have a homeowners nor property insurance policy with Allstate Insurance or any of its affiliated companies." R. Doc. 18-1 at 1. Defendant attaches the affidavit of its employee, Senior Product and Risk Management Litigation Consultant Megan Thompson-McKenna, who avers that she searched Defendant's files and found no record that it issued an insurance policy for Plaintiff's

1

property during the entire year of 2021. R. Doc. 18-3. Accordingly, it alleges that Plaintiff has no standing to bring this suit because there is no possibility that the suit could redress his injuries. R. Doc. 18-1 at 4. Furthermore, Defendant claims that the Court should grant summary judgment because Plaintiff will not be able to establish at trial that he had a contract with Defendant, and thus cannot succeed on his breach of contract or insurance policy-related claims. *Id.* at 6.

Plaintiff did not oppose or otherwise respond to the Motion for Summary Judgment.

### III.     LAW AND ANALYSIS

Summary judgment is appropriate if a defendant shows that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In deciding whether a defendant has made this showing, the Court views facts in the light most favorable to the plaintiff. *Midwest Feeders, Inc. v. Bank of Franklin*, 886 F.3d 507, 513 (5th Cir. 2018). However, if a plaintiff fails to oppose a motion for summary judgment, the defendant's properly-supported assertions of fact are deemed undisputed. Fed. R. Civ. P. 56(e)(2).

Here, Defendant offers the affidavit of its employee, who maintains that Defendant never issued an insurance policy covering Plaintiff's losses. R. Doc. 18-3. Given this undisputed evidence that there was no contract between the parties, there is no genuine dispute of material fact as to Plaintiff's claims. Summary judgment is therefore proper.

### IV.     CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment, R. Doc. 18, is **GRANTED.**

New Orleans, Louisiana, this 21st day of August, 2024.

_____
UNITED STATES DISTRICT JUDGE